**DAVIS H. ELLIOT COMPANY,**
Plaintiff,

v.

**CARIBBEAN UTILITIES COMPANY, LTD., Defendant.**

**Civ. A. No. 74-24.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 8, 1974.

---

1. Simmons is not a member of the class herein.

Wilbur L. Hazlegrove, Hazlegrove, Dickinson, Smith & Rea, Roanoke, Va., for plaintiff.

William B. Poff, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., and Lindsey W. Ingram, Jr., Stoll, Kennon & Park, Lexington, Ky., for defendant.

## OPINION and ORDER

DALTON, District Judge.

This case is pending before the Court on defendant's motion to dismiss for lack of jurisdiction. Evidence was heard by the Court *ore tenus* on July 1, 1974, and counsel for both sides subsequently submitted briefs which thoroughly outlined their respective positions.

Davis H. Elliot Company (hereafter referred to as "plaintiff" or "Elliot") entered into a contract with Caribbean Utilities Company (hereafter referred to as "defendant" or "Caribbean") in the State of Kentucky on September 2, 1970, under which plaintiff was to engineer, supervise, provide labor and materials for, and construct certain electrical transmission and distribution lines on Grand Cayman Island in the British West Indies. Elliot is a Virginia corporation, and Caribbean is an alien corporation organized under the laws of the Cayman Islands.

Plaintiff entered upon performance of its contract in Grand Cayman, but—for reasons not germane to this proceeding —the parties later agreed to terminate the contract. The contract of cancellation was also made in Kentucky.

As part of the cancellation agreement, defendant agreed to pay for the return of Elliot's men and equipment to Virginia. Plaintiff contends in its complaint that defendant owes plaintiff $25,764.56 under the terms of the cancellation agreement.

Suit was initially filed by plaintiff on its cause of action against defendant in the Federal District Court for the Eastern District of Kentucky. While that suit differed in minor respects from the instant case, it was for all practical purposes the same cause of action asserted here. The Kentucky court dismissed the case for lack of jurisdiction. That decision is now on appeal to the Sixth Circuit Court of Appeals.

Defendant has suggested that this Court might want to stay the present case pending a decision by the Sixth Circuit in the companion case. But this Court has decided to decline such an invitation for delay.

Based on the evidence before the Court, the following findings of fact are made:

1) Plaintiff is a Virginia corporation.

2) Defendant is an alien corporation organized and operating under the laws of the Cayman Islands, British West Indies.

3) The contracts in issue in this case were made outside Virginia and were to be performed in Grand Cayman Island, British West Indies.

4) Defendant does not sell, and has not sold, any product or service, or

transacted any business, in the Commonwealth of Virginia. Nor has defendant ever solicited business, maintained a bank account, or owned any real or personal property in Virginia. Defendant's accounting records are maintained on Grand Cayman Island, and it derives no income from Virginia or, for that matter, anywhere else in the United States.

5) Plaintiff has attempted to obtain jurisdiction over defendant by effecting substituted service of process on the Secretary of the Commonwealth under Sections 8–81.2 and 8–81.3 of the Virginia Code and Rule 4(e) of the Federal Rules of Civil Procedure.

6) Plaintiff's alleged basis for asserting this Court's jurisdiction over defendant is that the cancellation agreement between the parties called for defendant to make payment to plaintiff by mail in Virginia. The method of payment under the original contract had been for English pounds to be transferred by defendant to an account in a Canadian bank which in turn issued a check or draft in dollars to plaintiff and mailed it to Virginia. Plaintiff further alleges that Elliot purchased and accumulated materials in Virginia for the Grand Cayman Project. However, this purchasing and accumulating was not specified in the contract, and the decisions made by Elliot were Elliot's alone and did not involve the conducting of any activities in Virginia by defendant. Defendant contends that it is not subject to the service of process jurisdiction of this Court under the Virginia long-arm statute because it has not purposefully availed itself of the privilege of conducting business or any other activities in Virginia and has not invoked the benefits and protections of Virginia law in any way.

## CONCLUSIONS OF LAW

■ 1) In diversity cases, state law determines whether or not a corporation is subject to suit in the state.

2) The provisions of § 8–81.2 of the Virginia Code are not here applicable and cannot be invoked by the plaintiff as a basis for serving process on defendant under § 8–81.3 of the Virginia Code and Rule 4(e) of the Federal Rules of Civil Procedure.

■ 3) Defendant has not within the meaning of § 8–81.2(b) of the Virginia Code transacted any business in Virginia (§ 8–81.2(a)(1)) or contracted to supply services or things in this state (§ 8–81.2(a)(2)). Nor are the other basis for "long-arm" jurisdiction as set forth in § 8–81.2 applicable in this instance.

4) The present case does not involve a similar factual situation nor similar policy considerations as did Eleftheriou v. Tanker Archantissa, 443 F.2d 185 (4th Cir. 1971). Eleftheriou involved a statute of the United States and a maritime sea injury, neither of which are comparable to the present case.

5) This Court does not, therefore, have jurisdiction over the defendant in this case. The service of process attempted under the Virginia long-arm statute was legally ineffective to subject defendant to the jurisdiction of this Court in regard to the subject matter of this litigation.

It is accordingly ordered:

a) That defendant's motion to dismiss is granted;

b) That this case is hereby dismissed without prejudice from the docket; and

c) The clerk of this Court shall mail a certified copy of this order to all counsel of record.